UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60264-CR-COHN

UNITED STATES OF AMERICA

vs.

SCOTT A. THOMPSON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION TO QUASH SEARCH WARRANT AND SUPPRESS EVIDENCE

**THIS CAUSE** came before the Court for an evidentiary hearing on the Defendant Scott A. Thompson's Second Motion to Quash Search Warrant and Suppress Evidence [DE 44]. The Court has considered the Motion, the Government's Response [DE 45], the Government's Supplemental Response [DE 49], the testimony of the Defendant, the affidavit, search warrant and inventory, the arguments of counsel, and is otherwise fully advised in the premises.

The Court previously found that a search warrant issued on May 4, 2007 for the search of Mr. Thompson's Coconut Creek residence was founded on probable cause and lawfully issued and executed on May 5, 2007. The Court further found that those items seized and inventoried, including three firearms, were within the scope of the search warrant. The inventory was sworn to by Detective Kevin Scott of the Coconut Creek Police Department as containing "a true account of all property, goods, or chattels taken by me pursuant to said warrant." The inventory does not include the two cell phones which are the subject of this Second Motion to Quash Search Warrant and Suppress Evidence.

Detective Scott, in his affidavit of probable cause for issuance of the Second Search Warrant (for search of the Samsung cellular phone), avers that "Thompson was placed under arrest. He had two cellular phones, the Samsung Telephone and an LG Telephone, both of which were seized at the time of his arrest. He identified these cellular phones to be his cellular phones for personal use. <u>A search of the Samsung Telephone incident to Thompson's arrest</u> revealed several text messages discussing the price and purchase of narcotics."

Mr. Thompson, in his Second Motion to Quash Search Warrant and Suppress Evidence, challenges the legality of the seizure and search of the Samsung cellular telephone on several grounds. The Court finds, based on the evidence presented, that Detective Scott's reason for seizure of the cell phone as being incident of a lawful arrest is not supported by the evidence or the law.

The unrebutted evidence was that Mr. Thompson was sleeping on his couch when officers arrived at his residence. When Thompson answered the door, he was asked to step outside and upon doing so, he was arrested. Mr. Thompson's cell phones were located inside the house at the time of the arrest. The controlling law requires that items seized as incident to a lawful arrest be on the arrestee's person or within his immediate control. <u>Chimel v. California</u>, 395 U.S. 752, 763 (1969). A warrantless protective search of a defendant's home where the defendant is arrested outside the home is only permitted where the police have a reasonable, articulable suspicion that a protective sweep of the home is necessary by reason of a safety threat or the imminent destruction of evidence. See <u>United States v. Watson</u>, 273 F.3d 599, 603 (5th Cir. 2001). Here, no evidence of a safety threat or destruction of evidence has

been alleged. Therefore, the Court concludes that the seizure of the two cell phones cannot be legally justified as incident to a lawful arrest.

The Court does, however, recognize that Detective Scott, by authority of a legally issued search warrant, entered Mr. Thompson's residence and conducted a lawful search. The Court further finds that the two cell phones were within the ambit or scope of the first search warrant and could have been lawfully seized pursuant thereto.[1] Therefore, the issue before the Court is whether the two cell phones must be suppressed because Detective Scott's articulated basis for their search and seizure, i.e., search incident to arrest, is invalid, despite the fact that search and seizure of the cell phones pursuant to the search warrant would have been valid.

"Suppression of evidence . . . has always been our last resort, not our first impulse." Hudson v. Michigan, 547 U.S. 586, 591 (2006). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In this case, the Court finds that there was no unreasonable search and seizure because the search and seizure of the cell phones was authorized under the first warrant. The

---

[1] The warrant identifies the "[p]roperty [s]ought" as: "[e]vidence to include cannabis, cocaine, records, ledgers, U.S. currency, packaging/storage devices commonly known to be utilized during the possession/distribution/use of cannabis and cocaine." The Court construes the term "records" to include the information contained on cell phones which today includes address books, appointment logs and other record-keeping data. Courts have recognized that electronic devices, such as cell phones, may be "used to communicate with others participating in, e.g., drug-trafficking. Consequently, there was a reasonable probability that information stored on the device was 'evidence of the arrestee's crime.'" United States v. Quintana, 2009 WL 129603, *5 (M.D. Fla. Jan. 20, 2009) (quoting United States v. Finley, 477 F.3d 250, 260 (5th Cir. 2007).

3

Supreme Court has "held that the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Scott v. United States, 436 U.S. 128, 138 (1978). Accordingly, Detective Scott's intent to search and seize the cell phones pursuant to the search incident to arrest exception, does not invalidate a search and seizure that would otherwise be lawful pursuant to the first search warrant.[2]

Next, Mr. Thompson contends the delay in obtaining a second warrant to search the contents of the cell phones was unreasonable. No attempt was made to obtain a second search warrant until January 27, 2009, approximately twenty months after the seizure. Mr. Thompson cites United States v. Mitchell, 2007 WL 2915889 (S.D. Ga. Oct. 3, 2007), to argue that based on this unreasonable delay, the information contained on the cell phones should be suppressed. The Court finds Mitchell to be clearly distinguishable in that the computer in Mitchell was seized initially without a warrant whereas Mr. Thompson's cell phones were seized pursuant to a warrant. In addition, Detective Scott was certain that the Samsung cellular phone contained evidence of a crime because he reviewed it at the time of the initial seizure. On the other hand, the agent in Mitchell had only Mitchell's admission without further verification.

Moreover, the Court's holding that the cell phones were lawfully seized by

---

[2] Significantly, the Court's holding does not run the danger of encouraging courts to engage in post-hoc rationalizations to justify police action because, in this instance, the Court is relying on a warrant that was issued prior to the search being conducted.

Detective Scott pursuant to the first search warrant and found to contain evidence of a crime vitiates any argument that the delay in obtaining a search warrant was unreasonable. The Samsung cellular telephone would not have been returned to Mr. Thompson because of its known evidentiary value. Under these circumstances, Mr. Thompson cannot show any prejudice.

In light of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Scott A. Thompson's Second Motion to Quash Search Warrant and Suppress Evidence [DE 44] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of February, 2009.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF